**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JANE DOE, an individual proceeding under a pseudonym, | § § § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:26-cv-1853 |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| EDWARD HOLLOWAY III and | § | |
| GILLESPIE COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

Plaintiff moves under Federal Rule of Civil Procedure 10(a) and the Court's inherent authority for leave to proceed in this action under the pseudonym Jane Doe. Plaintiff is the victim of repeated sexual assaults committed by an on-duty sheriff's deputy. Litigating this case in her own name would tie her identity, on the public record, to graphic accounts of those assaults, and would expose her and her six children to a real risk of further harassment from a man who has already stalked and intimidated her. Plaintiff will disclose her true legal name to the Court and to every party. She asks only that her name be kept off the public docket. The Court should grant the motion.

## I.      BACKGROUND

Plaintiff left her husband after he threatened her with violence, obtained a protective order against him, and took refuge with her parents in Gillespie County, Texas, together with her six children. Former Gillespie County Deputy Edward Holloway III was assigned to a matter involving Plaintiff and her husband. Rather than help her, Holloway used the authority of his office

to isolate her and to sexually assault her on multiple occasions while he was on duty, in uniform, and using his patrol car and his county-issued handcuffs. The details are set out in the Original Complaint filed with this motion.

After Plaintiff told Holloway she wanted no further contact, he did not stop. He appeared uninvited at forensic interviews of her children even though he had no proper role there, and he repeatedly called Plaintiff, her husband, and her parents. Gillespie County has since terminated Holloway, and he was criminally charged with misuse of official information, abuse of official capacity, and tampering with evidence. Plaintiff brings claims under 42 U.S.C. § 1983 and Texas law against Holloway and Gillespie County.

## II.     LEGAL STANDARD

Rule 10(a) ordinarily requires a complaint to name all parties. That rule is not absolute. A court may allow a party to proceed under a fictitious name in the exceptional case where the party's need for privacy outweighs the presumption that judicial proceedings are open. *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981).

In deciding the question, the Fifth Circuit looks at several considerations, including whether the plaintiff is challenging governmental activity, whether the case will require the plaintiff to disclose information of the utmost intimacy, and whether the plaintiff would be forced to admit an intent to engage in illegal conduct. *Doe v. Stegall*, 653 F.2d at 185 (discussing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979)). These considerations are not a rigid checklist. A court weighs the totality of the circumstances, including the risk of retaliatory harm and the plaintiff's particular vulnerability, and balances the plaintiff's privacy interest against the public's interest in openness and any prejudice to the

defense. *Id.*; *see also Doe v. El Paso City Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 1507840, at \*2 (W.D. Tex. Apr. 1, 2015).

### III.    ARGUMENT

#### A.    *This case will require Plaintiff to disclose information of the utmost intimacy.*

The core of this lawsuit is a series of sexual assaults and rapes. To prove her claims, Plaintiff will have to describe being handcuffed alone in a patrol car, groped, forced to perform oral sex, and raped on more than one occasion. There are few subjects more private. Courts in this circuit treat allegations of sexual assault as the paradigm of information of the utmost intimacy and regularly permit victims to proceed under a pseudonym. *See Doe v. El Paso City Hosp. Dist.*, 2015 WL 1507840, at \*2. This factor weighs heavily in favor of the motion.

#### B.    *Plaintiff is challenging governmental activity.*

Plaintiff sues Gillespie County and a former deputy who acted under color of state law, and she brings her claims under 42 U.S.C. § 1983. Her suit therefore challenges governmental activity, which is the first consideration the Fifth Circuit identified in Stegall. *Doe v. Stegall*, 653 F.2d at 185.

#### C.    *Public identification would put Plaintiff and her children at real risk of harm.*

Holloway has already shown that he will pursue Plaintiff after being told to stop. He appeared at her children's forensic interviews and repeatedly called Plaintiff and her family. Additionally, the underlying facts of this claim were shared publicly online while keeping Plaintiff's name anonymous – still, Plaintiff was the subject of public harassment from commentators on the facts of the claims. Using Plaintiff's name would expose her and her family to public embarrassment and harassment as evidenced through commentary online. Publicly

attaching her name to a lawsuit that describes these assaults would invite renewed harassment, would risk serious psychological harm to a sexual assault survivor, and could compromise the safety of Plaintiff and her six minor children. The threat of a hostile reaction and harassment is a proper consideration that supports anonymity. *See Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007).

### D.    *A pseudonym will not prejudice Defendants or the public.*

Defendants already know who Plaintiff is. She will provide her true legal name to the Court and to every party, so proceeding under a pseudonym takes nothing away from the defense. The case will still be litigated publicly on its merits, with only Plaintiff's name withheld from the public record. The fairness that comes from open proceedings is not lost when a party litigates under a fictitious name. *Doe v. Stegall*, 653 F.2d at 185. Plaintiff seeks anonymity to protect her privacy and safety, not to gain any tactical advantage, so there is no improper motive weighing against the request.

### III.    PROPOSED PROCEDURE

Plaintiff proposes a procedure that protects her privacy while giving Defendants and the Court everything they need. Plaintiff will file publicly under the caption "Jane Doe." She will disclose her true legal name to the Court and to all parties by separate, non-public means. And she will be identified as "Jane Doe" in all public filings in this case. This approach lets the litigation proceed openly on the merits while keeping Plaintiff's name off the public docket.

### IV.    CONCLUSION AND PRAYER

Plaintiff asks the Court to grant her leave to proceed under the pseudonym Jane Doe, to enter the accompanying proposed order, and to grant any further relief to which she is entitled.

Respectfully submitted,

/s/ Stolle L. Voigt

**Stolle L. Voigt**
State Bar No. 24125442
stolle@dll-law.com
**Timothy Micah Dortch**
State Bar No. 24044981
micah@dll-law.com
DORTCH LINDSTROM LIVINGSTON LAW GROUP
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
Telephone: 214-393-1212
Facsimile: 888-653-3299
Email: stolle@dll-law.com

**ATTORNEY FOR PLAINTIFF JANE DOE**

## CERTIFICATE OF CONFERENCE

This motion is filed together with Plaintiff's Original Complaint and before any Defendant has appeared or been served. Counsel has therefore been unable to confer on the relief requested. Plaintiff will confer with counsel for each Defendant regarding this motion promptly after they appear and will advise the Court of their positions.

/s/ Stolle L. Voigt
Stolle L. Voigt

**<u>CERTIFICATE OF SERVICE</u>**

Because no Defendant has yet appeared, a copy of this motion will be served on each Defendant together with the summons and Original Complaint in the manner required by Federal Rule of Civil Procedure 4.

<u>/s/ Stolle L. Voigt</u>
Stolle L. Voigt