IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JANE DOE,                                      §
                                               §
            Plaintiff,                         §
                                               §
v.                                             §                    1:26-CV-1853-RP
                                               §
EDWARD HOLLOWAY III and                        §
GILLESPIE COUNTY, TEXAS,                        §
                                               §
            Defendants.                        §

## ORDER

Before the Court is Plaintiff Jane Doe's ("Plaintiff") Motion for Leave to Proceed Under a Pseudonym. (Dkt. 2). Plaintiff requests leave to file publicly—and be identified in all public filings—under the pseudonym "Jane Doe," while disclosing her true legal name to the Court and all parties by non-public means. (*Id.* at 4). Defendants Edward Holloway III ("Holloway") and Gillespie County, Texas (together, "Defendants") have not yet been served, and thus have not filed a response to Plaintiff's motion. Having considered the motion, the supporting evidence, and the relevant law, the Court finds that the motion should be granted.

## I. LEGAL STANDARD

As a general rule, plaintiffs must disclose their names in the complaint commencing a civil action. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (citing Fed. R. Civ. P. 10(a)). But a plaintiff in a civil action may proceed under pseudonym under exceptional circumstances." *Id.* (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (cleaned up). There is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* In the Fifth Circuit, a request to litigate under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* The Court's task in

1

such a situation "is to decide when the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Id.* at 185 (cleaned up). The Fifth Circuit has identified the fact that "plaintiffs seeking anonymity were suing to challenge governmental activity" and "prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy'" as relevant factors permitting anonymity. *Id.* Additional significant factors may include the minor status or vulnerability of a party, threats of violence or harassment, or a "quintessentially private" matter such as religious belief. *Id.* "The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id.*

## II. DISCUSSION

This is a case involving allegations of repeated sexual assault by a sheriff's deputy, while in uniform and on duty, in addition to allegations of subsequent repeated contact amounting to "stalk[ing] and intimidat[ion]." (Compl., Dkt. 1, at 3–6). Plaintiff brings suit both against the former deputy for his actions—alleging violations of the Fourth and Fourteenth Amendments, assault and battery, and intentional infliction of emotional distress—and against Gillespie County for failure to supervise, failure to screen and investigate in hiring and retention, and negligence. (*Id.* at 7–12).

Plaintiff offers several grounds for anonymity. First, she argues that this case "will require Plaintiff to disclose information of the utmost intimacy." (Mot., Dkt. 2, at 3). Second, she notes that she is challenging governmental activity, in that she is alleging that Holloway acted under color of state law and in that she brings suit against Gillespie County for its alleged failures as the policymaker in charge of conduct, hiring, training, and supervising sheriff's deputies. (*Id.*; Compl., Dkt. 1, at 1–2). Third, she argues that identification would put Plaintiff and her children at risk of harm, given Holloway's past actions and online responses to previous anonymous disclosure of the facts of the complaint. (Mot, Dkt. 2, at 3–4). Finally, Plaintiff argues that her use of a pseudonym

2

will not prejudice Defendants or the public, because the case will still proceed openly, absent only Plaintiff's true name, and the Court and every party will be provided with Plaintiff's true name.

The facts here present a case where anonymity is justified. Plaintiff's complaint involves factual allegations of the utmost sensitivity and intimacy, and she has alleged past harassment and stalking. Public disclosure of her true identity would place Plaintiff at risk of further harassment and psychological harm. At the same time, any prejudice caused to Defendants in allowing Plaintiff to proceed anonymously on the public docket is likely to be minimal.[1] The Complaint contains sufficient detail to alert Defendants about the circumstances supporting Plaintiff's claims, and Plaintiff has indicated that she will inform the Court and Defendants of her true identify by non-public means. Finally, under the circumstances, there is minimal public interest in disclosing Plaintiff's name to the public. The remainder of the proceedings can proceed in open court, and granting anonymity is far less intrusive on the public's right of access to court records than sealing or redacting the court records themselves.

Under the circumstances, maintaining Plaintiff's privacy outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings. Thus, the Court finds that Plaintiff is entitled to proceed under a pseudonym to protect her from potential psychological or physical harm and harassment.

---

[1] Plaintiff has not yet served Defendant, so Defendant has not had an opportunity to address how it might be prejudiced in allowing Plaintiff to proceed using a pseudonym. The Court will revisit this order if necessary once Defendant has been served and has been permitted to review the filings in this case. Should Defendants wish to challenge Plaintiff proceeding anonymously, they may do so by filing a motion with the Court.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's motion to proceed under a pseudonym, (Dkt. 2), is **GRANTED**. Plaintiff shall file publicly under the caption "Jane Doe" and shall be identified as "Jane Doe" in all public filings in this case.

**IT IS FURTHER ORDERED** that Plaintiff shall file a **sealed** document disclosing her true legal name to the Court and all parties **on or before July 17, 2026**.

**SIGNED** on July 10, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE