IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, *an individual proceeding under a pseudonym*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-1853-RP |
| | § | |
| EDWARD HOLLOWAY III, et al., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Defendant Edward Holloway III ("Holloway") worked as a sheriff's deputy for defendant Gillespie County, Texas ("Gillespie County"). On July 8, 2026, Plaintiff Jane Doe ("Doe") sued Holloway and Gillespie County, alleging that Holloway sexually assaulted her while on duty. (*See generally* Compl., Dkt. 1).

On August 10, 2026, Gillespie County moved to dismiss, (Def.'s Mot. to Dismiss, Dkt. 7), while Holloway filed an answer, a counterclaim against Doe, and a crossclaim against Gillespie County, (Answer, Dkt. 8). On August 21, 2026, Doe amended her complaint, (Am. Compl., Dkt. 12), and moved to dismiss Holloway's counterclaim, (Mot. to Dismiss Countercl., Dkt. 11). No defendant answered or otherwise responded. Then, on September 23, 2026, Doe moved to dismiss all of her own claims without prejudice under Fed. R. Civ. P. 41(a)(2). (Pl.'s Mot. to Dismiss, Dkt. 15).

Various filings sit unanswered. No defendant opposed Doe's motion to dismiss her own claims, (Dkt. 15); Holloway never opposed Doe's motion to dismiss his counterclaim, (Dkt. 11); and Gillespie County never filed an answer or other response to Holloway's crossclaim, (Dkt. 8). Accordingly, the Court will exercise its docket management authority to move this case forward.

First, the Court will grant Doe's motion to dismiss her own claims without prejudice under Fed. R. Civ. P. 41(a)(2). (Pl.'s Mot. to Dismiss, Dkt. 15). Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

Doe seeks to end her own case. Although Holloway filed a counterclaim, (*see* Answer, Dkt. 8, at 4–6), he has not objected to Doe's motion, and his counterclaim can remain pending for independent adjudication. *See* Fed. R. Civ. P. 41(a)(2). Gillespie County also has not objected. *See id.* Accordingly, Doe's motion to dismiss her own complaint, (Dkt. 15), is **GRANTED**. **IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

As for Doe's motion to dismiss Holloway's counterclaim, (Dkt. 9), although the Local Rules empower the Court to grant motions as unopposed when no response is timely filed, *id.*, this Court will not grant Doe's motion to dismiss as unopposed at this time. **IT IS ORDERED** that Holloway (1) shall show cause in writing on or before **October 23, 2026** as to why the Court should not grant Doe's motion to dismiss as unopposed or, alternatively, (2) Holloway shall file a response to Doe's motion to dismiss on or before **October 23, 2026**. Failure to do so may result in the dismissal of Holloway's counterclaim with prejudice. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order).

Gillespie County also failed to respond to Holloway's crossclaim. "A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Fed. R. Civ. P. 12(a)(1)(B). Holloway filed the pleading containing his crossclaim on August 10, 2026, so Gillespie County's deadline to answer or otherwise respond elapsed on August 31, 2026. When a party fails to timely plead or defend, it may be held in default. Fed. R. Civ. P. 55(a). If a cross-defendant is in default, the Court may require the cross-plaintiff to move for entry of default and default judgment. Accordingly, **IT IS ORDERED** that Holloway (1) move for entry of default against Gillespie County, or, alternatively, (b) file a status report **on or before October 23, 2026.**

**SIGNED** on October 9, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE