IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, *an individual proceeding under a pseudonym*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-1853-RP |
| | § | |
| EDWARD HOLLOWAY III, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On October 9, 2026, the Court issued an order addressing numerous unanswered filings in this case. (Order, Dkt. 16). No party opposed Plaintiff Jane Doe's ("Doe") motion to dismiss her own claims with prejudice, so the Court granted Doe's motion. (*Id.*). Defendant Edward Holloway III ("Holloway") never challenged Doe's motion to dismiss his counterclaims, so the Court ordered Holloway to either show cause as to why Doe's motion should not be granted as unopposed or to file a response. (*Id.*). And Defendant Gillespie County, Texas ("Gillespie County") never responded to Holloway's crossclaims, so the Court ordered Holloway to move for entry of default or to file a status report. (*Id.*).

On October 13, 2026, Holloway and Gillespie County filed a joint status report. (Dkt. 17). First, Holloway "advise[d] that he no longer wishes to maintain his claims against Jane Doe, and that, unless ordered by the Court, he will not respond to Doe's Motion to Dismiss." (*Id.* at 2). The Court accordingly grants Doe's motion to dismiss Holloway's counterclaim, (Dkt. 11), as unopposed. Second, Gillespie County conceded that it did not answer Holloway's crossclaims due to "oversight," but represented that "the delay in filing a response was caused by counsel's outreach to Holloway for more clarification on his claims and awaiting his response." (*Id.* at 2–3). Third,

Gillespie County filed an unopposed motion for more time to respond to Holloway's crossclaims. (*Id.* at 3).

The Court may grant such extensions "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination of what constitutes "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "These include but are not limited to the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (cleaned up) (quoting *Pioneer*, 507 U.S. at 395).

"Oversight" is not a valid reason to miss pleading deadlines. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985) ("This Court has pointedly announced that a party has a duty of diligence to inquire about the status of a case[.]"); *cf. L.A. Pub. Ins. Adjusters, Inc. v. Nelson,* 17 F.4th 521, 525 (5th Cir. 2021) ("We thus must consider whether LAPIA's former counsel's mistaken belief that no answer was required constitutes excusable neglect. Our court has held that, in most cases, an attorney's simple misunderstanding of the Federal Rules weighs heavily against a finding of excusable neglect."). Although the Court warns Gillespie County not to let such "oversights" happen again, the Court will grant its motion in these specific circumstances. Specifically, the Court notes that Gillespie County has been "acting in good faith to address Holloway's crossclaims," (Mot., Dkt. 17, at 3); that Holloway faces no prejudice because he is unopposed, (*id.*); and this extension will help advance resolution of the parties' dispute.

Accordingly, **IT IS ORDERED** that Doe's motion to dismiss Holloway's counterclaim, (Dkt. 11), is **GRANTED** as unopposed. **IT IS FURTHER ORDERED** that Gillespie County's

motion for extension of time to answer or otherwise respond to Holloway's crossclaims, (Dkt. 17), is **GRANTED**. Gillespie County shall answer or otherwise respond to Holloway's crossclaims by **October 27, 2026**.

**SIGNED** on October 14, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE